UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TORUS SPECIALTY INSURANCE CO., | : | Case No. 1:15-cv-755 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| SELECTION MANAGEMENT | : | |
| SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING
DEFENDANT'S MOTION TO TRANSFER (Doc. 8)**

This civil action is before the Court on Defendant Selection Management Systems,

Inc. ("Selection")'s motion to transfer (Doc. 8),[1] and Plaintiff Torus Specialty Insurance

Company's ("Torus") memorandum *contra* (Doc. 11).  No reply memorandum was filed,

so the matter is ripe for review.

## I.    BACKGROUND FACTS

Defendant Selection seeks an order transferring this case to the Northern District

of California pursuant to 18 U.S.C. § 1404(a).

Selection is an Ohio corporation and its principal place of business is in

Cincinnati, Ohio.  (Doc. 1 at ¶ 9; Doc. 9 at ¶¶ 9, 11).  Torus issued two claims-made

---

[1] Selection seeks oral argument on its motion.  (Doc. 8 at 1).  S.D. Ohio Civ. R. 7.1(b)(2)
provides for oral argument where it "is deemed to be essential to the fair resolution of the case
because of its public importance or the complexity of the factual or legal issues presented[.]"
Here, the Court finds that the factual and legal issues are clear on their face, so oral argument is
not necessary.  *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S.
Dist. LEXIS 51524, at *2 (S.D. Ohio July 27, 2006) ("Local Rule 7.1(b)(2) leaves the Court with
discretion whether to grant a request for oral argument.").

insurance policies to Selection—a Professional Liability and Privacy & Network Security Insurance policy, for the period June 13, 2013 to June 13, 2014 (the "2013 Policy") and a Professional Liability and Privacy & Network Security Insurance policy, for the period June 13, 2014 to June 13, 2015 (the "2014 Policy").  (Doc. 1 at ¶ 2; Doc. 9 at ¶ 2).

On January 17, 2014, a purported class action lawsuit captioned *Christopher Greco, et al. v. Selection Management Systems, Inc. dba Selection.com*, Case No. 37-2014-00085074-CUBT-CTL, was filed against Selection in the Superior Court of California, San Diego County (the "*Greco* Action").  (Doc. 1 at ¶ 3).  Torus provided a defense to Selection and ultimately resolved the *Greco* Action by settlement on Selection's behalf.  (*Id*. at ¶ 3).

On May 26, 2015, Selection was sued in the Northern District of California in a lawsuit captioned *John Doe, et al. v. Selection.com and Does 1-10*, Case No. 15-cv-2338 (the "*Doe* Action").  (Doc. 8, Ex. 1 at ¶ 2).  The action is a putative class action lawsuit. (*Id*.)  Selection timely notified Torus of the action and requested coverage under the two insurance policies.  On June 19, 2015, a second class action lawsuit, captioned *Jeremiah John Hughes and Jane Doe, et al. v. Selection Management Systems, Inc. d/b/a Selection.com*, Case No. 15-cv-411, was filed in the Southern District of Ohio (the "*Hughes* action").  (*Id*. at ¶ 3).  Selection timely notified Torus of the lawsuit and requested coverage under the same policies.  (*Id*.)  Ultimately, Torus determined that there was coverage only under the nearly-exhausted 2013 Policy and not under the 2014 Policy.  (Doc. 8, Ex. 1 at ¶ 5).

2

Upon learning that coverage would only be provided by the 2013 Policy, Selection notified Torus of the dire consequences the company potentially faced as a result of Torus' coverage denial under the 2014 Policy.  (Doc. 8, Ex. 1 at ¶ 6).  Selection warned Torus that its position was incorrect as a matter of law, and Selection stated that it intended to pursue all available legal remedies in the event that Torus elected not to reverse its position.  (*Id.*)

In November 2015, Selection requested that Torus attend a January 7, 2016 settlement conference in the *Doe* Action with authority necessary to settle the case.  (Doc. 8, Ex. 1 at ¶ 7).  The next day, on November 25, 2015, Torus filed its declaratory relief action against Selection in this Court.  (Doc. 1).  Torus's complaint seeks a declaration that coverage is not owed under the 2014 Policy for the two putative class action lawsuits.  (*Id.*)  That same day, Selection filed an action against Torus in the Northern District of California alleging claims for breach of contract and bad faith.  (Doc. 8, Ex. 1 at ¶ 9).  Selection filed its complaint approximately eight hours after Torus filed here.  On January 26, 2015, the California court dismissed Selection's second-filed lawsuit in favor of this matter.  (Doc. 8, Ex. 1).

## II.    STANDARD OF REVIEW

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  In the typical case, a court must weigh a number of private and public-

interest factors in deciding whether to transfer. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. District of Texas*, __ U.S. __, 134 S. Ct. 568, 581 (2013).

In resolving motions to transfer under 1404(a), courts in this Circuit consider six factors: (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Unless the balance of these factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).

The moving party bears "the burden of establishing the need for a transfer of venue." *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012). "This burden is a heavy one and requires the moving party to show that the balance of factors weighs strongly in favor of transfer." *Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004). Ultimately, the decision whether to transfer venue is left to the discretion of the trial court. *Id.*

## III.    ANALYSIS

### A.    Plaintiff's Chosen Forum

"Plaintiff's choice of forum should be given 'great' or 'substantial' weight when considering whether to transfer a case under § 1404(a)." *Trustar Funding v. Mruczynski*, No. 1:09cv1747, 2010 U.S. Dist. LEXIS 37677, at \*10 (N.D. Ohio Mar. 30, 2010).[2] "This is especially true where the plaintiff also resides in the chosen forum." *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008).  However, plaintiff's choice of forum is not dispositive.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 413 (6th Cir. 1998).

Selection argues that Torus's choice of forum is entitled to less deference because: (1) Torus is not a resident of Ohio; (2) none of the complained of conduct occurred in this District; and (3) Torus was engaged in forum-shopping.

First, it is undisputed that Torus is not an Ohio resident.[3]

Second, Selection admits that the conduct at issue in this case is "coverage discussions" and "a coverage determination" —conduct which occurred in Ohio where Selection is located, or New Jersey where Torus is located, not California.  (Doc. 8 at 10).

---

[2] *See also Capitol Specialty Ins. Corp. v. Splash Dogs*, 801 F. Supp. 2d 657, 672-73 (S.D. Ohio 2011) ("There is thus a strong presumption in favor of a plaintiff's choice of forum that 'may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.'").

[3] Torus is incorporated under the laws of the state of Delaware and operates its principal place of business in New Jersey.  (Doc. 1 at ¶ 8).

Third, there is no evidence that Torus was forum shopping.[4] A declaratory

judgment action is the remedy available to an insurer to resolve a dispute regarding

coverage.

Although Torus is not a resident of Ohio, Selection *is* a resident of this District,

and one of the coverage cases (*Hughes*) is pending here.  Therefore, Selection's argument

that Torus's choice of forum is entitled to less deference is not compelling.

### B.      Convenience of the Parties and Witnesses

#### 1.      *Parties*

Torus is an insurance company with its principal place of business in New Jersey,

so it resides in neither jurisdiction.  Selection is an entity based in the Southern District of

Ohio.[5]  Accordingly, this factor favors proceeding in this District.

#### 2.      *Witnesses*

Selection's employees, including Mr. Coz, who is likely to be the most important

witness to this coverage dispute, works in the Cincinnati office.[6]  Accordingly, this factor

favors proceeding in this District.

---

[4] Notably, Torus argues that Selection's motion to transfer is an attempt to forum shop in California, where it believes the law is more favorable to insureds.  Specifically, eight hours after Torus filed this declaratory judgment action, Selection filed a lawsuit in the Northern District of California involving the same parties and the same factual and legal issues presented here.  However, the California court dismissed the lawsuit in favor of this case.  (Doc. 11, Ex. 1).  The California court expressly declined Selections' request to label this action an "anticipatory suit" and found that it was Selection, not Torus, who "rushed to the courthouse."  (*Id.* at 5-6).

[5] Selection argues that if this matter is not transferred to California, it will have to retain duplicate coverage counsel.  However, Selection's coverage counsel in this action is also lead counsel in the *Hughes* action.  Moreover, the location of counsel is an "improper consideration" in the section 1404(a) analysis.  *Washington v. Gen. Motors Corp.*, No. 1:06cv631, 2007 U.S. Dist. LEXIS 6624, at *6 (S.D. Ohio Jan. 30, 2007).

### C.    Accessibility of Evidence

While the relevant documents are physically located at Selection's office in

Cincinnati, all documents will be equally available in both districts because Selection

intends to produce all documents electronically.

### D.    The Interests of Justice

Public interest factors may include the following: "the administrative difficulties

flowing from court congestion; the local interest in having localized controversies

decided at home; [and] the interest in having the trial of a diversity case in a forum that is

at home with the law." *Id.* (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6

(1981)).

The relative time to trial and court congestion is similar between the two proposed

districts.[7]

Ohio choice-of-law principles traditionally direct courts to apply the law of the

state where the insurance contract was made. *Barge v. Jaber*, 831 F. Supp. 593, 596

(S.D. Ohio 1993) (citing 16 Ohio Jur.2d Conflicts of Law Section 18 (1979 & Supp.

1993)).  However, Ohio courts also conduct an "interest analysis," where a number of

factors regarding each state's interest in the dispute are weighed, including whether the

---

[6] To the extent that the plaintiffs in either the *Doe* (Northern District of California) or *Hughes* (Southern District of Ohio) actions are necessary witnesses in this matter, lawsuits are pending in both districts.

[7] As of June 30, 2015, there were 6,614 cases pending in this district, while 6,424 cases were pending in the Northern District of California. (Doc. 8, Ex. 2 at ¶ 9).  The median time between filing and trial in civil matters was 29.5 months in this district and 31.6 months in the Northern District of California.  (*Id.*)

forum state or any other states have a substantial interest in the adjudication of the dispute and whether the interest of any of the potential for a outweighs the interest of the others.  *Barge*, 831 F. Supp. at 596.

The law of the state where the contract was made presumptively applies.  *Farris v. State Farm Ins. Co.*, 617 F.Supp.2d 654, 660 (N.D. Ohio 2008).  In performing this analysis, courts consider: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties.  *FDIC v. Commonweath Land Title Ins. Co.*, 902 F.Supp.2d 1048, 1058 (N.D. Ohio 2012).  Here, each of the factors favors application of Ohio or New Jersey law, not California law.  Accordingly, this factor favors proceeding in this District.

Since the balance of these factors does not strongly favor Defendant Selection, Plaintiff Torus's choice of forum should not be disturbed.  *Reese*, 574 F.3d at 320.

## IV.   CONCLUSION

Accordingly, for these reasons, Defendant's motion to transfer (Doc. 8) is **DENIED**.

**IT IS SO ORDERED**.

Date:  2/29/16                                          *s/ Timothy S. Black*
                                                       Timothy S. Black
                                                       United States District Judge

8